# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE SOUTHERN DISTRICT OF GEORGIA

| Fill in this information to identify your case: | | | |
|---|---|---|---|
| Debtor 1 | **William J. Calderwood** | | |
| | First Name      Middle Name | Last Name | |
| Debtor 2 | **Dawn L. Calderwood** | | |
| (Spouse, if filing) | First Name      Middle Name | Last Name | ☐ Check if this is an amended plan |
| Case number (If known) | 20-20206 | | |

## Chapter 13 Plan and Motion

[Pursuant to Fed. R. Bankr. P. 3015.1, the Southern District of Georgia General Order 2017-3 adopts this form in lieu of the Official Form 113].

1.  **Notices.** Debtor(s) must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as not being contained in the plan or if neither or both boxes are checked, the provision will be ineffective if set out in the plan.

    (a)  This plan:   ☑ contains nonstandard provisions. See paragraph 15 below.
    ☐ does not contain nonstandard provisions.

    (b)  This plan:   ☑ values the claim(s) that secures collateral. See paragraph 4(f) below.
    ☐ does not value claim(s) that secures collateral.

    (c)  This plan:   ☑ seeks to avoid a lien or security interest. See paragraph 8 below.
    ☐ does not seek to avoid a lien or security interest.

2.  **Plan Payments.**

    (a)  The Debtor(s) shall pay to the Chapter 13 Trustee (the "Trustee") the sum of **$3,400.00** for the applicable commitment period of:

    ☑ 60 months; or

    ☐ a minimum of 36 months. See 11 U.S.C. § 1325(b)(4).

    (If applicable include the following: These plan payments will change to $_____ monthly on _____)

    (b)  The payments under paragraph 2(a) shall be paid:

    ☑ Pursuant to a Notice to Commence Wage Withholding, the Debtor(s) request(s) that the Trustee serve such Notice(s) upon the Debtor's(s') employer(s) as soon as practicable after the filing of this plan. Such Notice(s) shall direct the Debtor's(s') employer(s) to withhold and remit to the Trustee a dollar amount that corresponds to the following percentages of the monthly plan payment:

    ☐ Debtor1 _____% ☐ Debtor2 _____%

    ☑ Direct to the Trustee for the following reason(s):
    ☐ The Debtor(s) receive(s) income solely from self-employment, Social Security, government assistance, or retirement.
    ☑ The Debtor(s) assert(s) that wage withholding is not feasible for the following reason(s):
    **Debtor 2 works for small company. Will compromise Job. Debtor 1 works for government**

    (c)  Additional Payments of **$0.00** (estimated amount) will be made on _____ (anticipated date) from (source, including income tax refunds).

3.  **Long-Term Debt Payments.**

    (a) **Maintenance of Current Installment Payments.** The Debtor(s) will make monthly payments in the manner specified as follows on the following long term debts pursuant to 11 U.S.C. § 1322(b)(5). These postpetition payments will be disbursed by either the Trustee or directly by the Debtor(s), as specified below. Postpetition payments are to be applied to postpetition amounts owed for principal, interest, authorized postpetition late charges and escrow, if applicable. Conduit payments that are to be made by the Trustee which

| Debtor | William J. Calderwood | | | Case number | |
| | Dawn L. Calderwood | | | | |

become due after the filing of the petition but before the month of the first payment designated here will be added to the prepetition arrearage claim.

| CREDITOR | COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | PAYMENTS TO MADE BY (TRUSTEE OR DEBTOR(S)) | MONTH OF FIRST POSTPETITION PAYMENT TO CREDITOR | INITIAL MONTHLY PAYMENT |
|---|---|---|---|---|---|
| HOME POINT FINANCIAL CORPORAT ION | 101 Pin Oak Ct Kingsland, GA 31548 Camden County | Yes | Debtor | May 2019 | regular monthly payment |
| MOHELA | Student Loan | No | Debtor | | currently in deferrment |

(b) **Cure of Arrearage on Long-Term Debt.** Pursuant to 11 U.S.C. § 1322(b)(5), prepetition arrearage claims will be paid in full through disbursements by the Trustee, with interest (if any) at the rate stated below. Prepetition arrearage payments are to be applied to prepetition amounts owed as evidenced by the allowed claim.

| CREDITOR | DESCRIPTION OF COLLATERAL | PRINCIPAL RESIDENCE (Y/N) | ESTIMATED AMOUNT OF ARREARAGE | INTEREST RATE ON ARREARAGE (if applicable) |
|---|---|---|---|---|
| -NONE- | | | | |

4. **Treatment of Claims.** From the payments received, the Trustee shall make disbursements as follows unless designated otherwise:

(a)    **Trustee's Fees.** The Trustee percentage fee as set by the United States Trustee.

(b)    **Attorney's Fees.** Attorney's fees allowed pursuant to 11 U.S.C. § 507(a)(2) of $4,500.00.

(c)    **Priority Claims.** Other 11 U.S.C. § 507 claims, unless provided for otherwise in the plan will be paid in full over the life of the plan as funds become available in the order specified by law.

(d)    **Fully Secured Allowed Claims.** All allowed claims that are fully secured shall be paid through the plan as set forth below.

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| -NONE- | | | | |

(e)    **Secured Claims Excluded from 11 U.S.C. § 506 (those claims subject to the hanging paragraph of 11 U.S.C. § 1325(a)).** The claims listed below were either: (1) incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the Debtor(s), or (2) incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value. These claims will be paid in full under the plan with interest at the rate stated below:

| CREDITOR | DESCRIPTION OF COLLATERAL | ESTIMATED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| -NONE- | | | | |

(f)    **Valuation of Secured Claims to Which 11 U.S.C. § 506 is Applicable.** The Debtor(s) move(s) to value the claims partially secured by collateral pursuant to 11 U.S.C § 506 and provide payment in satisfaction of those claims as set forth below. The unsecured portion of any bifurcated claims set forth below will be paid pursuant to paragraph 4(h) below. The plan shall be served on all affected creditors in compliance with Fed. R. Bankr. P. 3012(b), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| AMERICREDIT FINANCIAL SERVICES, INC. | 2019 Honda Civic 5000 miles Son's vehicle | 17,000.00 | 5.00% | 320.00 |
| Harley-Davidson Retail, Inc. | 2018 Harley Davidson Street Glide Special 26000 miles | 22,000.00 | 5.00% | 415 |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

| Debtor | William J. Calderwood | | Case number | |
| | Dawn L. Calderwood | | | |

| CREDITOR | DESCRIPTION OF COLLATERAL | VALUATION OF SECURED CLAIM | INTEREST RATE | MONTHLY PAYMENT |
|---|---|---|---|---|
| Nissan Motor Acceptance Corporation | 2019 Nissan Rogue 30000 miles | 13,946.87 | 5.00% | 260 |
| PERFORMANCE FINANCE SOLUTIONS, INC. | 2019 Indian Chieftain Darkhorse 5000 miles Motorcycle | 22,000.00 | 5.00% | 415 |

(g)    **Special Treatment of Unsecured Claims.** The following unsecured allowed claims are classified to be paid at 100%

☐ with interest at ____% per annum; or ☐ without interest:

**None**

(h)    **General Unsecured Claims.** Allowed general unsecured claims, including the unsecured portion of any bifurcated claims provided for in paragraph 4(f) or paragraph 9 of this plan, will be paid a **0.00%** dividend or a pro rata share of $**60,000**, whichever is greater **OR SUCH AMOUNT AS MAY BE PAID IN A 60 MONTH CASE.**

5.    **Executory Contracts.**

(a)    **Maintenance of Current Installment Payments or Rejection of Executory Contract(s) and/or Unexpired Lease(s).**

| CREDITOR | DESCRIPTION OF PROPERTY/SERVICES AND CONTRACT | ASSUMED/REJECTED | MONTHLY PAYMENT | DISBURSED BY TRUSTEE OR DEBTORS |
|---|---|---|---|---|
| -NONE- | | | | |

(b)    **Treatment of Arrearages.** Prepetition arrearage claims will be paid in full through disbursements by the Trustee.

| CREDITOR | ESTIMATED ARREARAGE |
|---|---|
| -NONE- | |

6.    **Adequate Protection Payments.** The Debtor(s) will make pre-confirmation lease and adequate protection payments pursuant to 11 U.S.C. § 1326(a)(1) on allowed claims of the following creditors: ☐ Direct to the Creditor; or ☑ To the Trustee

| CREDITOR | ADEQUATE PROTECTION OR LEASE PAYMENT AMOUNT |
|---|---|
| AMERICREDIT FINANCIAL SERVICES, INC. | 75.00 |
| Harley-Davidson Retail, Inc. | 75.00 |
| Nissan Motor Acceptance Corporation | 75.00 |
| PERFORMANCE FINANCE SOLUTIONS, INC. | 75.00 |

7.    **Domestic Support Obligations.** The Debtor(s) will pay all postpetition domestic support obligations direct to the holder of such claim identified here. See 11 U.S.C. § 101(14A). The Trustee will provide the statutory notice of 11 U.S.C. § 1302(d) to the following claimant(s):

| CLAIMANT | ADDRESS |
|---|---|
| -NONE- | |

8.    **Lien Avoidance.** Pursuant to 11 US.C. § 522(f), the Debtor(s) move(s) to avoid the lien(s) or security interest(s) of the following creditor(s), upon confirmation but subject to 11 U.S.C. § 349, with respect to the property described below. The plan shall be served on all affected creditor(s) in compliance with Fed. R. Bankr. P. 4003(d), and the Debtor(s) shall attach a certificate of service.

| CREDITOR | LIEN IDENTIFICATION (if known) | PROPERTY |
|---|---|---|
| OneMain Financial Group, LLC | | MISC HHG - Avoid Lien |

9.    **Surrender of Collateral.** The following collateral is surrendered to the creditor to satisfy the secured claim to the extent shown below upon confirmation of the plan. The Debtor(s) request(s) that upon confirmation of this plan the stay under 11 US C § 362(a) be terminated as to the collateral only and that the stay under 11 U.S.C § 1301 be terminated in all respects. Any allowed deficiency balance resulting from a creditor's disposition of the collateral will be treated as an unsecured claim in paragraph 4(h) of this plan if the creditor amends its previously filed, timely claim within 180 days from entry of the order confirming this plan or by such additional time as the creditor may be granted upon motion filed within that 180-day period.

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|

GASB -Form 113 December 1, 2017

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

Debtor **William J. Calderwood**
**Dawn L. Calderwood**

Case number

| CREDITOR | DESCRIPTION OF COLLATERAL | AMOUNT OF CLAIM SATISFIED |
|---|---|---|
| **ALLY FINANCIAL INC.** | 2016 Ram Rebel | Full amount of claim and debt |
| Wyndham Vacation Resorts, Inc. | Sevierville Tennessee Governor's Crossing 308 Collier Drive Sevierville, TN 37862 (time share) | Full amount of claim and debt |

10. **Retention of Liens.** Holders of allowed secured claims shall retain the liens securing said claims to the full extent provided by 11 U.S.C § 1325(a)(5).

11. **Amounts of Claims and Claim Objections.** The amount, and secured or unsecured status, of claims disclosed in this plan are based upon the best estimate and belief of the Debtor(s). An allowed proof of claim will supersede those estimated claims. In accordance with the Bankruptcy Code and Federal Rules of Bankruptcy Procedure objections to claims may be filed before or after confirmation.

12. **Payment Increases.** The Debtor(s) will increase payments in the amount necessary to fund allowed claims as this plan proposes,after notice from the Trustee and a hearing if necessary, unless a plan modification is approved.

13. **Federal Rule of Bankruptcy Procedure 3002.1.** The Trustee shall not pay any fees, expenses, or charges disclosed by a creditor pursuant to Fed.R. Bankr. P. 3002.1(c) unless the Debtor's(s') plan is modified after the filing of the notice to provide for payment of such fees, expenses, or charges.

14. **Service of Plan.** Pursuant to Fed. R. Bankr. P. 3015(d) and General Order 2017-3, the Debtor(s) shall serve the Chapter 13 plan on the Trustee and all creditors when the plan is filed with the court, and file a certificate of service accordingly. If the Debtor(s) seek(s) to limit the amount of a secured claim based on valuation of collateral (paragraph 4(f) above), seek(s) to avoid a security interest or lien (paragraph 8 above), or seek(s) to initiate a contested matter, the Debtor(s) must serve the plan on the affected creditors pursuant to Fed. R. Bankr. P. 7004. See Fed. R. Bankr. P. 3012(b), 4003(d), and 9014.

15. **Nonstandard Provisions.** Under Fed. R. Bankr. P. 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise in this local plan form or deviating from it. Nonstandard provisions set out elsewhere in this plan are void.

a. Adequate protection payments under paragraph 6 will be paid for six months, or until confirmation, whichever is later; thereafter, the payments set forth in paragraph 4 will begin. The payments listed under paragraph 4 are estimated based on currently available information and will be adjusted as needed at confirmation. After adequate protection payments, administrative priority claim will be paid prorata with secured claims until all administrative claims are paid in full. In addition, to the extent any pre-petition lease claim is filed, it will be paid prorata with administrative priority claims, including attorney's fees.

b. All debts scheduled or listed in the bankruptcy filings, whether or not listed in the plan, shall be discharged upon completion of the plan except debts that are specifically listed as long term debts by the debtor(s) under paragraph 3 of the plan or non-dischargeable student loans. In the event stay relief is granted as to any long term debt, such debt shall also be discharged upon completion of the plan.

c. Debtor(s) proposes to pay filing fees DIRECT TO THE BANKRUPTCY COURT.

d. Any secured claims that are filed in the within case that are not provided for by the plan will be paid after all administrative claims, included attorney's fees, and all provided for secured claims with an interest rate of 3.25 percent.

e. To the extent that Debtor(s) has/have student loans, such loans will not be discharged in the within case including any interest that may accrue related to said debt.

f. To the extent the within plan includes any secured lien on personal property being paid through the chapter 13 plan, including liens on car titles, such creditor holding such lien shall immediately release same, including without limitation, marking any lien listed on a vehicle title as satisfied, and forward such title or other executed lien release to Debtor(s) upon the granting of a discharge in the within case.

g. To the extent any creditor files a claim in the within case, service pursuant to Rule 7004, to the extent same may be required, shall be deemed waived.

h. All correspondence related to any long term mortgage, deed to secure debt, or other claim secured by Debtor(s) principal residence must be copied to Debtor(s). Notice sent c/o to the undersigned lawyer will be deemed deficient notice.____

By signing below, I certify the foregoing plan contains no nonstandard provisions other than those set out in paragraph 15.

GASB - Form 113 December 1, 2017

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com

Best Case Bankruptcy

Debtor  **William J. Calderwood**
**Dawn L. Calderwood**

Case number

Dated  4/30/2020

/s/William J. Calderwood
**William J. Calderwood**

*Debtor 1*

/s/Dawn L. Calderwood
**Dawn L. Calderwood**

*Debtor 2*

/s/R. Flay Cabiness
**R. Flay Cabiness 002689**

*Attorney for the Debtor(s)*